UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

LUKE WAGNER SHAGER,          :          Civ. No. 3:23-CV-68

Plaintiff,          :

v.          :          (JUDGE MANNION)

KATHLEEN FALLON, et al.,          :

Defendants.          :

## MEMORANDUM

Presently before the court in this *pro se* civil rights suit is the November 7, 2023, report and recommendation of Magistrate Judge Daryl F. Bloom, (Doc. 44), as well as Plaintiff's motion for preliminary injunction. (Doc. 42). Judge Bloom's report recommends that Defendants' motion to dismiss, (Doc. 24), be granted and Plaintiff's amended complaint, (Doc. 19), be dismissed with prejudice. Plaintiff filed a timely objection to the report, (Doc. 45), where he asks for leave to again amend his complaint in the event of dismissal. However, the court agrees with Judge Bloom that Plaintiff's complaint is so fundamentally flawed that it cannot be cured by further amendments.

When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review *de novo* those portions of the report to which objections are made. 28 U.S.C. §636(b)(1); *Brown v. Astrue*, 649 F. 3d 193, 195 (3d Cir. 2011). Although the standard of review

is *de novo*, the district court "may also, in the exercise of sound judicial discretion, rely on the Magistrate Judge's proposed findings and recommendations." *Bynum v. Colvin*, 198 F. Supp. 3d 434, 437 (E.D. Pa. 2016) (citing *United States v. Raddatz*, 447 U.S. 667, 676 (1980)).

Since the report correctly states the procedural and factual background of this case, it will not be repeated herein. (Doc. 44 at 2-4). In short this is a civil rights action brought against officers from the Pennsylvania State Police and agents from the Pennsylvania Office of Attorney General ("OAG"), who pursuant to a valid warrant searched Plaintiff's phone and found *inter alia* a video of Plaintiff inappropriately touching a minor child's genitalia. It is alleged that Plaintiff was initially arraigned on state charges in Susquehanna County, but those charges did not proceed. Instead, Plaintiff was indicted by a federal grand jury and plead guilty to one count of sexual exploitation of children. *United States v. Shager*, 3:22-CR-24 (Doc. 29).

Plaintiff claims in his amended complaint that both the state and federal charges brought against him were based on "falsified" information, namely reports made by Defendants indicating that there was "penetration" of a minor child depicted in the video they found on his phone. This assertion is based on Plaintiff's clear misunderstanding of the legal definition of

"penetration," which was explained to him in detail at his guilty plea hearing. *See Id.* (Doc 35 at 29-31).[1]

Furthermore, Plaintiff does not dispute that the video found on his phone shows him inappropriately touching a minor child's genitalia. Such contact alone is enough to support a conviction for sexual exploitation of children. Plaintiff claims that he was forced to plea to this lesser charge to avoid a life sentence on a conviction for a crime involving penetration. But if the video really does not show penetration, then a jury could have vindicated Plaintiff at trial, and he would have no reason to fear conviction on a more serious offense. Nevertheless, Plaintiff brings claims against Defendants pursuant to 42 U.S.C. §§ 1983, 1985, and 1986, alleging that Defendants conspired to deprive him of his right to a fair trial. In response Defendants filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) arguing that Plaintiff's claims fail as a matter of law.

Rule 12(b)(6) permits the court to dismiss a complaint if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In determining whether a complaint states a claim for relief, a court must accept the factual allegations in the complaint as true, *Bell Atlantic Corp. v.*

---

[1] Plaintiff also claims damages based on the inclusion of the term "penetration" in his presentence report, but Plaintiff has not been sentenced yet so that argument is not ripe.

*Twombly*, 550 U.S. 544, 555 (2007), and accept "all reasonable inferences that can be drawn from them after construing them in the light most favorable to the non-movant." *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). However, a court is not required to accept legal conclusions or "a formulaic recitation of the elements of a cause of action." *Id.*; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

Based on this standard Judge Bloom found and the court agrees Plaintiff's claims are fatally flawed in several ways. First the Commonwealth and OAG are entitled to Eleventh Amendment immunity. *See Seminole Tribe v. Florida*, 517 U.S. 44, 54 (1996) (A state's immunity exists as a matter of law unless it is waived or abrogated by Congress.) Congress has not waived the Commonwealth's immunity on the claims raised here and OAG is an agency of the Commonwealth. Plaintiff argues in his objection to Judge Bloom's report that the Commonwealth and OAG can at least be sued for injunctive relief based on their officers and agents' infractions under §1983. But it is well established that a state and its agencies are not "persons" for purposes of §1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Moreover, they are "immune from suit in a federal court without

- 4 -

regard to the nature of the relief sought." *C.H. v. Oliva,* 226 F.3d 198, (3d Cir.2000) (en banc) (citing *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 100–101, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984)). Thus, all claims against the Commonwealth and OAG fail as matter of law regardless of whether they seek monetary or injunctive relief.

Second Plaintiff's Claims are barred by *Heck v. Humphrey.* It is well established that "[n]o cause of action exists under §1983 for 'harm caused by actions whose unlawfulness would render a conviction or sentence invalid' or would 'necessarily imply the invalidity of the conviction, unless the conviction or sentence has been reversed, vacated, expunged, or otherwise favorably terminated.'" *Ortiz v. New Jersey State Police*, 747 F. App'x 73, 77 (3d Cir. 2018) (quoting *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994)). Plaintiff argues in his objection that his case is unique because Defendants' alleged illegal acts forced him to plead guilty. Additionally, he claims that he is not collaterally attacking his conviction, but merely seeking an injunction to stop Defendants from perpetrating similar misconduct against other citizens. Nonetheless these arguments do not change the fact Plaintiff plead guilty and is awaiting sentencing for sexual exploitation of children. Since Plaintiff cannot show his conviction has been favorably terminated, all §1983

claims challenging Plaintiff's conviction, regardless of the relief sought, fail as a matter of law.

Third, even if Plaintiff's §1983 claims were not barred by *Heck*, Plaintiff fails to state a claim under §1983 for malicious prosecution. To state a claim for malicious prosecution, Plaintiff must allege facts to establish that "(1) the defendant initiated a criminal proceeding; (2) the criminal proceeding ended in the plaintiff's favor; (3) the defendant initiated the proceeding without probable cause; (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered a deprivation of liberty[.]" *Thomas v. City of Phila.*, 290 F. Supp. 3d 371, 379 (E.D. Pa. 2018) (quoting *Halsey v. Pfeiffer*, 750 F.3d 273, 296-97 (3d Cir. 2014) (citations omitted)). Plaintiff, who does not dispute he possessed videos showing him inappropriately touching a minor child's genitalia and was indicated by a grand jury, cannot establish that authorities lacked probable cause to charge him with sexual exploitation of children. *See Gatter v. Zappile*, 67 F. Supp. 2d 515, 519 (E.D. Pa. 1999) (citing *Rose v. Bartle*, 871 F.2d 331, 353 (3d Cir. 1989)). (An indictment by a grand jury "is affirmative evidence of probable cause.") Thus, Plaintiff's §1983 malicious prosecution claim fails as a matter of law.

Fourth, Plaintiff fails to state a claim for conspiracy under either §1985 or §1986. Specifically, Plaintiff fails to make any allegation that there was a meeting of the minds among Defendants to deprive him of a constitutional right, which is a prerequisite to a civil conspiracy claim. *See Startzell v. City of Phila., Pennsylvania*, 533 F. 3d 183, 205 (3d Cir. 2008). Both in his amended complaint and his objection to this report Plaintiff offers only speculations and bald legal conclusions about Defendants conspiring to place false information in their reports and withhold exculpatory information from him. Mere allegations that the Defendants individually knew of Plaintiff's creation of child pornography videos and his criminal investigation is not sufficient to state a claim for conspiracy. *See In re Asbestos School Litig.*, 46 F.3d 1284, 1292 (3d Cir. 1994) ("[U]nder the law of Pennsylvania . . . conscious parallelism is not sufficient to establish either a civil conspiracy or a concerted action").

Likewise, Plaintiff's complaint is devoid of any facts to suggest Defendants harbored a discriminatory animus toward him based on race or another protected class, which is a prerequisite for a claim under §1985(3). *See Lake v. Arnold*, 112 F.3d 682, 685 (3d Cir. 1997). Plaintiff argues in his objection to Judge Bloom's report that Defendants were "discriminative" because making child pornography is a "hate crime." Even if Plaintiff was

charged with a hate crime, which he was not, that fact alone would not place Plaintiff, the perpetrator of that alleged hate crime, in a protected class. Regardless Plaintiff cannot claim that OAG agents conspired with the Commonwealth because "a[n] [] entity cannot conspire with one who acts as its agents." *Rife v. Borough of Dauphin*, 625 F. Supp. 2d 212, 221-22 (M.D. Pa. 2008) (citations omitted). Thus, Plaintiff's conspiracy claims fail as a matter of law under §1985 and in turn under §1986 because the latter only arises from a failure to prevent conspiracies under the former.

Fifth, Plaintiff fails to state a claim under the Eighth Amendment. Plaintiff claims that Defendants subjected him to excessive bail and in turn cruel and unusual punishment after he was arraigned on state charges. Yet, Defendants, who merely investigated Plaintiff, did not set his bail. *See James v. York Cnty. Police Dep't*, 160 F. App'x 126, 133 (3d Cir. 2005) (citing Pa. R. Crim. P. 120) ("[I]n Pennsylvania, the district justice, not the police officers, set bail."). While the amended complaint provides no facts on which the court could infer Plaintiff's bail was excessive, Plaintiff claims in his objection that Defendants' false accusation led the district justice to impose bail of $150,000. Still, Plaintiff concedes in his objection that he's not challenging that amount as excessive. He only challenges Defendants' role in setting his bail. Either way Defendants are not vicariously liable for the bail imposed by

- 8 -

the district justice. Thus, Plaintiff's Eighth Amendment claim fails as a matter of law.

Sixth and finally, Plaintiff cannot request relief in the form a criminal investigation and prosecution of defendants. "[F]ederal district courts . . . cannot initiate criminal prosecutions." S*immons v. Roxbury Police Dep't*, 2017 WL 5188060, at *3 (D.N.J. Nov. 9, 2017) (citing *United States v. Santtini*, 963 F. 2d 585, 595 (3d Cir. 1992)). Thus, even if Plaintiff's claims did not all fail as a matter of law, which they all do, Plaintiff could not obtain relief in the form of a criminal investigation or prosecution of Defendants.

Given the fundamental flaws with Plaintiff's amended complaint, Judge Bloom found that the amended complaint cannot be cured by further amendments and should be dismissed with prejudice. In his objection to Judge Bloom's report, Plaintiff recognizes that he has made and learned from mistakes in his prior pleadings. He argues he can fix these mistakes if given leave to amend. However, the court agrees with Judge Bloom. The aforementioned flaws in Plaintiff's complaint are so fundamental that they cannot be cured by further amendments.

Therefore, Judge Bloom's Report and Recommendation will **ADOPTED IN ITS ENTIRETY** and Plaintiff's objections thereto will be **OVERRULED**. Defendants' motion to dismiss will be **GRANTED** and Plaintiff's

amended complaint will be **DISMISSED** with prejudice. Since Plaintiff's amended complaint will be dismissed with prejudice, his motion for preliminary injunction will also be **DISMISSSED** as moot.

**MALACHY E. MANNION**
**United States District Judge**

**DATE: December 12, 2023**
23-0068-01

- 10 -